NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

BRYANT PAUL NIX, *Appellant*.

No. 1 CA-CR 23-0567

FILED 09-17-2024

Appeal from the Superior Court in Yavapai County
No. V1300CR202280466
The Honorable Thomas K. Kelly, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Michael J. Dew, Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Michael J. Brown and Judge Daniel J. Kiley joined.

---

**W I L L I A M S,** Judge:

¶1        Defendant Bryant Nix appeals his convictions and sentences for resisting arrest, disorderly conduct, and criminal damage. Nix's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising us that, after a diligent search of the record, he found no meritorious grounds for reversal. Nix was given an opportunity to file a supplemental brief *in propria persona* but did not do so. After reviewing the record for reversible error, we affirm Nix's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Nix. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        Just after midnight, early one August 2022 morning, a bartender called police about a disruptive bar patron. The patron, Nix, was yelling, arguing, refusing to leave, and pushed another patron out of the bar door.

¶4        When police arrived, Nix was outside. His eyes were red and glossy, his speech was slurred, and he had trouble balancing as he stood. One of the officers spoke with Nix. At some point, Nix walked towards the officer who, in response, fully extended his arm to keep distance between them. The officer asked Nix to back up. Nix refused, telling the officer to "get [his] hand off of him." The officer again asked Nix to back up. But Nix would not. The officer then tried to place Nix in handcuffs, but Nix pulled away. A second officer joined in. Nix was handcuffed and placed in the back of a patrol car.

¶5        Neither the bartender nor the other patron (that Nix pushed) wanted to press charges. Police told Nix they wanted to release him, but Nix's behavior continued to escalate. Officers decided to transport Nix to the police station.

¶6        Once there, Nix was handcuffed to a bench in the booking area. While unattended, Nix began kicking the wall, damaging an air conditioning thermostat cover. Police tried to apply an additional restraining device called "the wrap," but Nix resisted. Officers tased him. In all of the melee, one officer sustained scratches to his forearm.

¶7        The State charged Nix with one count each of aggravated assault, a class 4 felony; resisting arrest, a class 6 felony; disorderly conduct, a class 1 misdemeanor; criminal damage, a class 2 misdemeanor; and assault, a class 3 misdemeanor. *See* A.R.S. §§ 13-1204(A)(8)(a) (aggravated assault); 13-2508(A)(1) (resisting arrest); 13-2904(A)(1) (disorderly conduct); 13-1602(A)(1) (criminal damage); 13-1203(A)(3) (assault). The State dismissed the misdemeanor assault charge before trial. A jury tried the felony charges, and the trial court tried the misdemeanor charges.

¶8        At trial, Nix contended the officers mistreated him and he disputed their accounts of his conduct. The jury acquitted Nix of aggravated assault but found him guilty of resisting arrest. The trial court found Nix guilty of disorderly conduct and criminal damage. For resisting arrest, the court sentenced Nix to a slightly mitigated term of nine months' imprisonment with credit for 29 days of presentence incarceration. For the misdemeanor convictions, the court sentenced Nix to time served.

¶9        Nix timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

¶10        Our review of the record reveals no reversible error. *See Leon*, 104 Ariz. at 300.

¶11        All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Nix was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial, the rendering of the verdict, and sentencing. *See State v. Connor*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of eight jurors, and the record shows no evidence of juror misconduct. *See* A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged felony offenses, the State's burden of proof, and Nix's presumption of innocence. At sentencing, Nix was given an opportunity to speak, and the court stated on the record the evidence

and materials it considered in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-701 to -717 (as applicable).

**CONCLUSION**

**¶12** We affirm Nix's convictions and sentences. Unless defense counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review, his obligations regarding Nix's appeal will end after informing him of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶13** Nix has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review to the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.21. Upon this Court's own motion, we also grant Nix thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.

